## JONES v. CARROLL.

*Boundary — stakes fixed control distances — Admeasurement of dower — Partition — Estoppel.*

Where commissioners to measure dower fixed stakes at the corners of the dower lands set off, which stakes were referred to in the description contained in their report, *held*, that such stakes would control the distances named in such report.

*Held*, also, that when on the subsequent partition of the dower lands, the commissioners to partition, by confining themselves strictly to the distances named in the report of the dower commissioners, only divided a part of the land included between the stakes, the portion not included remained unpartitioned.

*Held*, further, that the parties to the proceedings for partition were not estopped by failure to object to and by action upon the partition actually made.

APPEAL by defendant from a judgment in favor of plaintiff for nominal damages entered upon a verdict directed by the court.

The action was brought by Calista E. Jones against Peter D. Carroll for trespass in breaking and entering plaintiff's premises and removing fence therefrom. The answer was a general denial and title in the defendant. The facts were these : Teal Rector was the owner of certain premises situate in Yates county at the time of his death in March, 1859. He left a widow and eight heirs at law. In November, 1859, commissioners appointed by the surrogate admeasured the dower of the widow, setting apart for her use 17 acres from the south-eastern part of the lot owned by the deceased. A map was made and the land set off to the widow was described

by metes and bounds, the description referring to stakes. There was evidence showing that at the time of making the admeasurement stakes were set by the commissioners at the corners of the land set off. Upon the north side of the dower lot, in conformity to the location of the line by the stakes, a fence was built.

The widow died in 1868, after which an action in partition was instituted to divide the lands previously set apart to her. Judgment was entered therein and commissioners appointed to divide the land between the several parties entitled thereto. The commissioners to partition in making their division followed the courses and distances specified in the description of the premises in the complaint, which was in correspondence with that in the report of the dower commissioners. This left a strip of land between the fence mentioned and the north line of the lands partitioned about a rod in width. Of the lot divided, Peter D. Carroll, the defendant, received title to the western one-fourth, Jacob T. Rector to the one-fourth part next west, and Calista E. Jones, the plaintiff, and Jacob N. Jones jointly to the western one-half. Defendant at that time was the owner of the lands lying north of the dower land.

After the partition defendant built a fence upon the eastern line of the lands partitioned to him, running easterly through to the fence upon the north line of the dower land, and all parties occupied up to that fence. In 1871, after plaintiff had acquired title to all the dower land not owned by defendant, defendant took down that part of the fence on the north line of the dower lot which divided his lands from those occupied by plaintiff, and in the spring of 1872 built another fence one rod south of the old one across the north end of plaintiff's land, and plowed up the land between the fence and the site of the old one.

This action was brought in consequence of these acts.

*D. B. Prosser*, for appellant.

*Ch. G. Judd*, for respondent.

E. DARWIN SMITH, J. This case was not submitted to the jury, but they were directed by the circuit judge to find a verdict for the plaintiff and for nominal damages, and no request was made by the counsel on either side to the court to go to the jury, except upon the single question that the parties being present, when the partition was made, are concluded by that partition.

The counsel for the defendant also requested the court to direct a verdict for the defendant, and excepted to his refusal to do so.

In stating to the jury the ground upon which he directed a verdict for the plaintiff, the judge said he charged them as the law of the case, "that. the location and boundaries of the seventeen acres, admeasured to Mrs. Rector as her dower, were fixed by the stakes set by the commissioners to admeasure dower. That the proof showed that the commissioners to partition failed to partition the whole of the land set off to the widow, and that the title to that strip remained in the parties as tenants in common."

In stating, as a proposition of law in respect to the location and boundaries of the dower lot, that the same was fixed by the stakes set by the commissioners to admeasure dower, the judge assumed as matter of fact that stakes were stuck by said commissioners to designate the corners of said lot. If there had been or was any substantial dispute upon this fact it should doubtless have been submitted to the jury, but as neither party asked to have any such question submitted to the jury the assumption of the judge must be deemed acquiesced in and correct.

There was evidence that stakes were stuck at the north-east and north-west corners of said lot, and were seen and remained there for some time afterward, and there was proof that a fence was built on the line indicated by such stakes for and as the boundary of said lot, and remained until the controversy in this action arose.

The plot of ground was laid out upon a map annexed to the report of the commissioners to set off and assign such dower, and to which they referred, showing also that the said lot was laid out in the shape of a parallelogram, eight chains wide, east and west, by twenty-one twenty-five one-hundredths chains long, north and south; and said report fixed a stake at the north-east corner and at the south-west corner which would imply the place and location of the stakes at the other corners, or the point of the corners respectively.

The complaint in particular fixes or mentions stakes in the north-west and north-east corners, as, do all the descriptions of land between the parties, and the deeds to the defendant, who purchased out the interest of several of the heirs, fix and recognize such stakes. It was right, therefore, to state and hold as matter of law, if stakes were stuck at the corners of the lot at the time the dower was assigned, to fix the boundary and extent of such dower land, that

such stakes as fixed monuments must control the locative calls in the deeds, and such calls must be satisfied and complied with and prevail in admeasuring such land, or in the construction of the reports and deeds among the parties.

Nothing is better settled than the rule that in the construction of deeds relating to lands natural or artificial monuments or objects fixed and permanent shall control in preference to the courses and distances or quantities mentioned in the deed. This is the rule which the learned judge intended to assert and apply in his charge to the jury.

The statement of the judge also that the commissioners to partition this dower lot failed to apportion the whole, was clearly correct upon his assumption that the true corners of said lot were fixed by the stakes and the fence built in accordance with the said stakes for the northern boundary of said lot.

The conclusion that the strip between such fence and the line fixed by the commissioners in their partition of said lot in the northern boundary thereof was undivided, and that the title to that strip remained in the parties as tenants in common was also clearly correct. The fact that the parties interested, or any of them, in such partition, were present when such partition was made, did not conclude them, and the judge committed no error in refusing so to instruct the jury.

No valid exception was taken on the trial to any ruling of the court, and the judgment should be affirmed.

*Judgment affirmed.*